CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
August 07, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ S. Wray
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSIAH C. DONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 7:24-cv-00795 |
| | ) |
| MONGOLIA WASH HOLDINGS, | ) By:   Elizabeth K. Dillon |
| | )        Chief United States District Judge |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This lawsuit was brought by plaintiff Josiah C. Dones, proceeding pro se, against his former employer, Mongolia Wash Holdings d/b/a Whistle Express Car Wash[1] (Whistle Express). He originally filed his complaint in state court, and defendant removed the case to this court. (Dkt. No. 1.)  Dones alleges that he was improperly terminated from his employment based on his disability, and his complaint asserts claims for wrongful termination and defamation. (*See generally* Compl., Dkt. No. 1-1.)  Pending before the court are several motions, which the court referred to United States Magistrate Judge C. Kailani Memmer pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation (R&R).

On August 30, 2023, the magistrate judge issued her R&R, recommending that the court grant the Whistle Express's motion to dismiss, dismiss Dones's complaint without prejudice, and grant him leave to amend. The R&R further recommends denying Dones's motion for default judgment and denying Whistle Express's motion for sanctions. (Dkt. No. 19.)  The magistrate judge also advised the parties of their right under 28 U.S.C. § 636(b)(1)(C) to file written

---

[1] As noted by U.S. Magistrate Judge Memmer, defendant advises that it was incorrectly named in the complaint and that its actual name is not Mongolia Wash Holdings but "Express Wash Operations, LLC." (Report & Recommendation 1 n.1, Dkt. No. 19.)  No party has moved to amend the case caption, however.

objections to her proposed findings and recommendations within 14 days of service of the R&R. (*Id.* at 10.)

That 14-day period has expired, and Whistle Express has not filed any objections. Dones has filed a short document he titles as a "response" to the R&R, which the Clerk has docketed both as a motion to amend and as objections to the R&R. (Dkt. Nos. 20, 21.) In it, Dones asks the court to deny the motion to dismiss and alleges facts and summarizes evidence (much of it not referenced in his original complaint) that he says support his claim that he was wrongfully terminated because of his disability. This includes information about the fact that he was suffering from depression and anxiety, that his managers were well aware of that, and that he was performing well in his job and had been promoted in less than 4 months of being employed. He also states that he "would like to amend [his] complaint to just seeking disability discrimination." (Mot. Amend 2, Dkt. No. 20.) He neither refers to nor objects to the recommended denial of his motion for default judgment.

The court must review de novo any portion of a magistrate judge's recommended disposition of a case to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1)(C). The court reviews any portion of the report to which no party has objected—or to which a party has noted only a general objection—for "clear error on the face of the record." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's notes); *see also Brown v. Comm'r of Social Sec.*, 969 F. Supp. 2d 433, 437 (W.D. Va. 2013) (noting that portions of an R&R to which no objections are made "will be upheld unless they are clearly erroneous or contrary to law").

The court has reviewed the portions of the R&R to which Dones objected de novo, and it agrees with the R&R that his complaint—as currently drafted—fails to state an adequate claim of

disability discrimination.  As the R&R recognized, though, both his response to the motion to dismiss (and now his objections to the R&R) contain additional factual allegations that "demonstrate he can state a claim for wrongful termination."  (*See* R&R 5.)  Nonetheless, the court is not permitted to consider the allegations in his briefing when ruling on a motion to dismiss and cannot consider his briefing as a supplement to his complaint.  *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) (holding that a party may not amend its complaint through briefing).  Instead, the facts in support of Dones's claim must be in his complaint itself.  Thus, the court will adopt the recommendations of the R&R as to the motion to dismiss, granting it and dismissing the complaint without prejudice.  And the court will allow Dones to file an amended complaint with additional factual matter to support his claims.[2]  Dones's motion to amend (Dkt. No. 20) will be granted insofar as the court will permit him to file an amended complaint.  As he requests, he may limit his claims to a disability discrimination claim only.

No party has objected to the R&R's other recommendations, and the court thus reviews them for clear error.  Finding no error, let alone clear error, the court also will adopt the other recommendations set forth in the R&R.

## CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that the R&R (Dkt. No. 19) is ADOPTED in full.  It is further ORDERED that:

1. Defendant's motion to dismiss (Dkt. No. 5) is GRANTED, and Dones's complaint is DISMISSED WITHOUT PREJUDICE;

---

[2] As to his defamation claim, Dones has expressed that no longer wants to pursue that claim, so the court does not discuss it.

2. Dones's motion to amend (Dkt. No. 20) is GRANTED. If Dones wants to file an amended complaint, he should do so not later than 21 days after entry of this order. His amended complaint should contain *all* factual allegations that he believes support his claim of wrongful termination in violation of the Americans with Disabilities Act. If he does not want to file an amended complaint, then Dones may waive his right to amend by requesting that the court take further action to finalize its decision and render this order appealable;

3. Dones's motion for default judgment (Dkt. No. 13) is DENIED; and

4. Whistle Express's motion for sanctions (Dkt. No. 15) is DENIED.

The Clerk is directed to send a copy of this memorandum opinion and order to plaintiff and to counsel of record.

Entered: August 7, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge