IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

March 24, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Erica Jones
DEPUTY CLERK

JOSIAH C. DONES,                    )
                                    )    Case No.: 7:24-cv-00795
        Plaintiff,                  )
                                    )
v.                                  )    REPORT & RECOMMENDATION
                                    )
MONGOLIA WASH HOLDINGS d/b/a        )
WHISTLE EXPRESS CAR WASH,           )
                                    )    By: C. Kailani Memmer
                                    )    United States Magistrate Judge
        Defendant.                  )

This matter is before the court on Defendant Mongolia Wash Holdings d/b/a Whistle Express Car Wash's (Whistle Express) Motion for Judgment on the Pleadings. (Mot. for J. on the Pleadings, ECF No. 27.)[1] The motion is fully briefed[2] and it was referred to me for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 18.) No party requested a hearing, and the court finds that a hearing would not aid in the decisional process. *See* W.D. Va. Civ. R. 11(b). For the foregoing reasons, I recommend denying Whistle Express's motion.

## I.    Background

On August 7, 2025, the court dismissed Dones's initial complaint without prejudice, concluding that he failed to state a claim upon which relief could be granted

---

[1] Whistle Express also filed a Motion to Stay the Case Pending Resolution of its Motion for Judgment on the Pleadings. (ECF No. 29.) As discussed herein, it is recommended that Whistle Express's Motion for Judgment on the Pleadings be denied. Accordingly, Whistle Express's request to stay the case is **DENIED AS MOOT**.

[2] Dones again filed a surreply in response to Whistle Express's reply brief without first obtaining the court's permission. *See* W.D. Va. Civ. R. 11(c)(1). Although Dones is a pro se litigant which permits him some leniency in prosecuting his case, he cannot ignore the rules of this court. *See United States v. Beckton*, 740 F.3d 303, 306 (4th Cir. 2014) (explaining that, "like all other litigants," pro se parties may not ignore substantive or procedural rules). As the surreply contains almost identical information to Dones's brief in opposition, (ECF No. 31), the court will not strike the surreply, (ECF No. 33). However, Dones is advised that any future filings that are not permitted by the rules may be stricken.

pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mem. Op. & Order ¶ 1–2, ECF No. 22.) Dones was permitted to file an amended complaint with the instruction that "[h]is amended complaint should contain *all* factual allegations that he believes support his claim of wrongful termination in violation of the [ADA]." (*Id.* ¶ 2.) On August 18, 2025, Dones filed his amended complaint asserting violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* (Am. Compl., ECF No. 23.) On August 29, 2025, Whistle Express filed its answer, (ECF No. 24), and then filed the instant motion for judgment on the pleadings, (ECF No. 27).

## II.    Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Courts follow "a fairly restrictive standard" in ruling on 12(c) motions, as "hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense." 5C Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1368 (3d ed. 2011).

"In reviewing a motion for judgment on the pleadings filed by a defendant, the court applies the same standard that would apply to a motion to dismiss for failure to state a claim." *Hardy v. Lewis Gale Medical Center, LLC*, 377 F. Supp. 3d 596, 604 (W.D. Va. 2019) (citing *PETA v. U.S. Dep't of Agric.*, 861 F.3d 502, 506 (4th Cir. 2017)). "A Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." *Massey v. Ojaniit*, 59 F.3d 343, 353 (4th Cir. 2014). A court may grant a motion for judgment on the pleadings only "if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable

2

factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *PETA*, 861 F.3d at 506 (internal quotation marks omitted). However, the court need not accept as true plaintiff's allegations that "represent unwarranted inferences, unreasonable conclusions, or arguments," or that "contradict matters properly subject to judicial notice or by exhibit." *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006) (internal quotation marks omitted).

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts plead "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 550 U.S. at 570. Although pro se litigants are entitled to liberal construction of their pleadings, the Court cannot manufacture a factual basis to allow those pleadings to go forward. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir.2008).

Generally, in resolving a motion pursuant to Rule 12(c), "a district court cannot consider matters outside the pleadings without converting the motion into one for summary judgment." *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013) (citing Fed. R. Civ. P. 12(d)). "However, [a court may] also consider documents that are explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines v. Valley Community Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016)

(citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007); Fed. R. Civ. P. 10(c)). A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id*. For a document to be integral to the complaint, it "must be one that by its very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Herrmann v. Wells Fargo Bank, N.A.*, 529 F. Supp. 3d 549, 557 (W.D. Va. 2021) (citation modified).

Whistle Express attaches four exhibits to its answer and relies upon information contained in the exhibits to support its motion for judgment on the pleadings. Exhibit 1 is a job description for the associate position at Whistle Express. (Ex. 1, ECF No. 24-1.) Exhibit 2 is a portion of Whistle Express's employee handbook which includes Whistle Express's policies addressing disability accommodation and discrimination. (Ex. 2, ECF No. 24-2.) Exhibit 3 is a collection of documents including the criminal complaint filed by Kirsten Vetland against Dones (Criminal Complaint), statements by Vetland and other Whistle Express employees, text messages between Dones and Vetland, and a protective order issued against Dones. (Ex. 3, ECF No. 24-3.) Exhibit 4 is a Dismissal and Notice of Rights letter sent to Dones from the U.S. Equal Employment Opportunity Commission (EEOC) (Right to Sue Letter). (Ex. 4, ECF No. 24-4.)

In consideration of the amended complaint and the allegations contained therein, I find that the Criminal Complaint and Right to Sue Letter are explicitly incorporated into the amended complaint by reference as the amended complaint contains allegations related to both documents. (*See* Am. Compl. ¶¶ 12, 14–16.) However, I do not find that the remaining exhibits should be considered on the instant motion as they are not (1)

attached to Dones's amended complaint, (2) explicitly incorporated into the amended complaint by reference, or (3) integral to the complaint.

Further, although Whistle Express cites the appropriate standard for which this court considers motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), Whistle Express largely supports its arguments by citing information (mainly within the exhibits not properly before the court) that <u>conflicts</u> with the factual allegations in the amended complaint. *See Mendenhall v. Hanesbrands, Inc.*, 856 F. Supp. 2d 717, 728 (M.D.N.C. 2012) ("When, as in this case, there exists a material dispute of fact, such a determination goes beyond the scope of a motion for judgment on the pleadings, and therefore judgment as a matter of law is not appropriate at this stage of the proceedings."). It is evident that Whistle Express is attempting to circumvent discovery by cloaking a motion for summary judgment as one for judgment on the pleadings. However, as discussed herein, the court should not resolve material disputes of fact at this early stage of the litigation.

## III.    Analysis

In his amended complaint, Dones seeks redress for "violations of the Americans with Disabilities Act." (Am. Compl. ¶ 1.) In liberally construing the allegations contained in Dones's amended complaint, the court perceives the amended complaint to include two claims pursuant to the ADA: (1) failure to accommodate and (2) disability discrimination. (*See* Am. Compl.)

### a.  Amended Complaint

In the amended complaint, Dones claims he suffers from major depression and anxiety. (Am. Compl. ¶ 7.) Dones takes/took medication related to his major depression and anxiety to "help with daily stresses." (*Id.* ¶¶ 7, 10) Dones asserts Whistle Express had

5

knowledge regarding his medical conditions and his use of medication. (*Id.*) Without any accommodation, Dones was able to "uphold [his] job" and was available to work any day. (*Id.* ¶ 8–9.) He received a promotion in less than four months of his hire date and, based upon his promotion, he was given a key to open the store. (*Id.*)

On or about October 20, 2023, Dones stopped taking medication to treat his major depression and anxiety due to no longer having health insurance. (*Id.* ¶ 10.) Dones claims he notified his boss, Hannah Elliot, when he stopped taking his medication. (*Id.*) At some point after this discussion, Dones approached his bosses with a "reasonable accommodation" to step down from management and to not work weekends. (*Id.* ¶ 11.) Upon requesting the accommodations, Dones states he was "terminated [ ] on the spot." (*Id.*) Dones claims he was terminated due to his "mental health disabilities" noting Kirsten Vetland's statement in a criminal complaint that Dones "[s]tarted to show emotional distress and mania at work so me and my assistant went on to terminate him." (*Id.* ¶ 12.)[3]

### b. Wrongful Termination Based on Disability Discrimination

To state a claim for wrongful termination based on disability discrimination under the ADA, a plaintiff must allege "(1) he was a qualified individual with a disability; (2) he was discharged; (3) he was fulfilling his employer's legitimate expectations at the time of discharge; and (4) the circumstances of his discharge raise a reasonable inference of

---

[3] Dones asserts that the EEOC "issued a determination finding reasonable cause that Whistle Express Car Wash violated the ADA by failing to provide plaintiff with a reasonable accommodation and by discharging [plaintiff] because of [his] disability." (Am. Compl. ¶ 14.) However, Dones filed a copy of the Right to Sue Letter earlier in the case (ECF No. 12-1), and Whistle Express attached a copy of the Right to Sue Letter to its answer (Ex. 4, ECF No. 24-4.) The Right to Sue Letter provides that the underlying charge was dismissed based upon Dones's request, not that the EEOC made a determination that Whistle Express violated the ADA. Such factual dispute is not outcome determinative on the instant motion. However, Dones is reminded that although he is afforded some leeway for mistakes or confusion as a pro se litigant, his pro se status does not excuse dishonesty.

unlawful discrimination." *Kelly v. Town of Abingdon, Virginia*, 90 F.4th 158, 169 (4th Cir. 2024). Whistle Express claims Dones fails to sufficiently allege each element to assert a disability discrimination claim. Again, Whistle Express's arguments mainly focus on factual disputes which are more appropriately considered on a motion for summary judgment or at trial—not a motion for judgment on the pleadings.  In liberally construing the amended complaint, the court finds Dones plausibly alleges a claim for disability discrimination.

Dones establishes that he falls within the ADA's protected class as a qualified individual with a disability. First, Dones asserts that he "suffers from Major depression and Anxiety and has to take medication to help with daily stresses." (Am. Compl. ¶ 7.) Whistle Express claims such conclusory allegations do not suffice. (Mem. in Supp. of Mot. for J. 10–11, ECF No. 28.) However, in liberally construing Dones's allegations and accepting them as true, I find his allegations plausibly allege that he has a disability covered by the ADA. *See Howell v. Holland*, No. 4:13-CV-00295-RBH, 2015 WL 751590, at *15 (D.S.C. Feb. 23, 2015) ("Depression and anxiety are impairments recognized by the ADA."); *also Ayers v. Wal-Mart Assocs., Inc.*, No. 7:23-CV-00419, 2024 WL 4182706, at *6 (W.D. Va. Sept. 13, 2024) (noting "mental conditions such as PTSD, anxiety, or autism qualify as disabilities" under the ADA); *see also* 29 C.F.R. § 1630.2(j)(3)(iii) ("[A]pplying the principles set forth [herein], it should easily be concluded that the following types of impairments will, at a minimum, substantially limit the major life activities indicated:… major depressive disorder… substantially limit[s] brain function.").

Whether Dones is a "qualified individual" is where it gets a bit trickier. However, as discussed below, I find Dones also plausibly alleges he is a "qualified individual" who

7

can perform the "essential functions" of both the key holder and associate position at this stage of the litigation.[4]

A "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). When determining whether an employee is a "qualified individual" under the ADA, courts consider whether the employee "'can perform the essential functions of the employment position that such individual holds or desires.'" *Jones v. HCA*, 16 F. Supp. 3d 622, 632 (E.D. Va. 2014) (quoting 42 U.S.C. § 12111). "The 'essential functions' are those 'fundamental job duties of the employment position.'" *Id.* (quoting 29 C.F.R. § 1630.2(n)).

There is a split of authority within the Fourth Circuit as to whether a plaintiff must allege the essential functions of his current or desired role to plausibly allege he is a "qualified individual" under the ADA. *See Dimaano v. Virginia Ctr. for Behav. Rehab.*, No. 3:23-CV-312, 2024 WL 3823795, at *9 (E.D. Va. Aug. 13, 2024) (noting plaintiffs do not have to allege their essential job functions to successfully allege they are a qualified individual under the ADA); *Webb v. Chesterfield Cnty., Va.*, No. 3:19-CV-000183 (JAG), 2019 WL 2992011, at *2 (E.D. Va. July 8, 2019) (same); *Equal Emp. Opportunity Comm'n v. Advanced Home Care, Inc.*, 305 F. Supp. 3d 672, 676 (M.D.N.C. 2018) (same); *but see Wood v. Bristol Virginia Util. Auth.*, 661 F. Supp. 3d 538, 549 (W.D. Va. 2023) (dismissing ADA claim where plaintiff failed to describe essential functions of his job);

---

[4] Dones alleges he requested to be reassigned to a position that was not in management as one of his accommodations. (*See* Am. Compl. ¶ 9.) "The definition of qualified individual with a disability 'includes employees who could perform the essential functions of a reassignment position, with or without a reasonable accommodation, even if they cannot perform the essential functions of their current position.'" *Keith v. Volvo Grp. N. Am., LLC*, No. 7:20-CV-00521, 2023 WL 234780, at *7 (W.D. Va. Jan. 18, 2023), *aff'd*, No. 23-1178, 2024 WL 1193096 (4th Cir. Mar. 20, 2024) (quoting *Easton v. Aberdeen Police Dep't*, No. SAG-19-3650, 2020 WL 6390656, at *1 (D. Md. Oct. 27, 2020)).

*Ramirez-Rodriguez v. Wal-Mart Stores East, L.P.*, No. 5:12-CV-585-BO, 2014 WL 1365670, at \*2 (E.D.N.C. Apr. 4, 2014) (finding plaintiff failed to provide the court with sufficient factual allegations to support that he could perform the essential functions of his position when, in part, he failed to provide a description of his job duties); *Munoz v. Baltimore Cnty., Md.*, No. CIV.A. RDB-11-02693, 2012 WL 3038602, at \*8 (D. Md. July 25, 2012) (dismissing ADA claim where the plaintiff failed to allege the essential functions of the position).

In cases where the plaintiff was not required to allege the essential job functions, the courts focused on whether the plaintiff alleged he or she could *perform* the essential functions. *Dimaano*, 2024 WL 3823795, at \*11; *Webb*, 2019 WL 2992011, at \*2. For example, in *Webb*, the court found the plaintiff plausibly alleged he was a "qualified individual" under the ADA where he alleged facts to show he worked in his role without incident while experiencing a lack of accommodation for his disability. *Webb*, 2019 WL 2992011, at \*2. I find the decisions in *Dimaano*, *Webb*, and *Advanced* to be persuasive. Like the plaintiff in *Webb*, Dones alleges he was able to work as an associate and then as a key holder without accommodation when he was suffering from major depression and anxiety. (Am. Compl. ¶¶ 8–9.) Accordingly, I find Dones plausibly alleges he is a "qualified individual" with a disability under the ADA.

Regarding elements two and four, Dones claims he was terminated from his employment with Whistle Express "due to his mental health disabilities." (*Id.* ¶ 12.) He further cites to the sworn statement by Kirsten Vetland, a site leader and apparent decisionmaker at Whistle Express, that Dones "[s]tarted to show emotional distress and mania at work so me and my assistant went on to terminate him." (*Id.*) Additionally, Dones claims he was "terminated ... on the spot" once he requested a reasonable

accommodation. (*Id.* ¶ 11.) Ms. Vetland's statement directly connecting Dones's termination to his "emotional distress and mania," *see, e.g., Equal Emp. Opportunity Comm'n v. Manufacturers & Traders Tr. Co.*, 429 F. Supp. 3d 89, 119 (D. Md. 2019) (noting direct evidence of discriminatory intent includes "statements that ... reflect directly the alleged discriminatory attitude" of the employer) (quoting *Rhoads v. F.D.I.C.*, 257 F.3d 373, 391–92 (4th Cir. 2001)), along with Whistle Express's alleged failure to engage in the interactive process with Dones as he was immediately terminated following his request for accommodation, *see, e.g., Sheng v. M&TBank Corp.*, 848 F.3d 78, 86–87 (2d Cir. 2017) (holding "that an employer's failure to engage in a good faith interactive process can be introduced as evidence tending to show disability discrimination"), plausibly allege his disabilities were a "but-for" cause of his termination.  In sum, such allegations do not require this court to "speculate to fill in gaps" regarding Whistle Express's motive which warrants a reasonable inference of discrimination at this stage. *See Kelly*, 90 F.4th at 169.

As to element three, Whistle Express continues to focus on its assertions that Dones harassed other employees and violated policy to argue that Dones was not fulfilling Whistle Express's legitimate expectations at the time of his termination. (Mot. for J. 11.) However, in the amended complaint Dones claims he "was able to uphold the job" and he received a promotion "in less than 4 months of being hired." (*Id.* ¶ 8.) Although the amended complaint and answer are not abundantly clear on Dones's hire date and promotion date, it appears his promotion occurred soon before his termination date. Dones's recent promotion is sufficient to infer at the pleading stage that Dones was meeting Whistle Express's legitimate job expectations at the time of his termination. *See Asip v. Chesterfield Cnty. Sch. Bd.*, No. 3:18-CV-261-JAG, 2019 WL 495584, at *3 (E.D.

10

Va. Feb. 8, 2019) (noting that an employee must show that his performance met expectations at "a time reasonably close to the time of the challenged employer action"). Accordingly, drawing all reasonable factual inferences in favor of Dones, the court finds such allegations are sufficient to assert that he was fulfilling his employer's legitimate expectations at the time of discharge. To find otherwise would require the court to impermissibly draw inferences in favor of Whistle Express and to make factual determinations which are prohibited at this juncture.

As such, for the reasons set forth herein, I find that a judgment on the pleadings regarding the disability discrimination claim would be premature at this time and is not warranted given the allegations in the amended complaint.

### c. Failure to Accommodate

Under the ADA, an employer is prohibited from "discriminat[ing] against a qualified individual on the basis of disability...." 42 U.S.C. § 12112(a). Such unlawful discrimination can include the failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee...." *Id.* § 12112(b)(5)(A). For purposes of the ADA, "reasonable accommodations" may comprise "job restructuring, part-time or modified work schedules, [or] reassignment to a vacant position...." 42 U.S.C. § 12111(9)(B). A "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position...." 42 U.S.C. § 12111(8).

Thus, in order for a plaintiff to establish a prima facie case against his employer for failure to accommodate under the ADA, the plaintiff must allege "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of his disability; (3) that with reasonable accommodation he could perform the

11

essential functions of the position; and (4) that the employer refused to make such accommodations." *Wilson v. Dollar General Corp.*, 717 F.3d 337, 345 (4th Cir. 2013).

Whistle Express argues that Dones fails to allege facts to assert a prima face case for failure to accommodate. (*See* Mot. for J. 6–10.) As discussed above, I have already found that Dones satisfies elements one and three of his failure to accommodate claim. See *Dimaano*, 2024 WL 3823795, at *13 (equating element one of disability discrimination claim to elements one and three of a failure to accommodate claim).[5]

Whistle Express's arguments regarding the second element—whether it had notice of Dones's disabilities—essentially claim Dones's allegations are untrue or that Dones was required to provide more information to Whistle Express regarding his disabilities. (Mem. in Supp. Mot. for J. 7.) For example, Whistle Express asserts that Dones never submitted medical documentation regarding his medical conditions[6] and he did not request any medical accommodations prior to November 2023 when he first requested to step down from his managerial position and to not work weekends. (*Id.*) However, the text messages attached to Whistle Express's answer reflect Whistle Express was aware that Dones suffers from depression and anxiety as early as September 13, 2023—over a month before Dones requested his accommodations.[7] (Answer, Ex. 3 at 6, ECF No. 24.)

---

[5] Whistle Express's argument regarding whether Dones's proposed accommodations are reasonable is a question of fact that cannot be determined at this stage. *See Dimaano,* 2024 WL 3823795, at *14 (noting "[t]he question of whether an accommodation is reasonable … is a question of fact" and not appropriate to consider on a motion to dismiss). Although it remains to be seen whether Dones could remain in his key holder position without working weekends or if there was an available non-managerial position for which Dones could perform the essential functions, such facts do not specifically need to be alleged to survive past the pleading stage.

[6] Regardless of whether Magnolia Wash Holdings January 3, 2023 "Core Policies" were appropriately attached as an exhibit to Whistle Express's Answer to Plaintiff's Amended Complaint, the "Disability Accommodation" policy does not include any requirement relating to the production of medical evidence to support the claimed disability. (Ex. 2 at 5, ECF No. 24-2.)

[7] Notably, Whistle Express cites to no authority that medical documentation is required for an

As discussed above, such factual disputes will not be addressed on a motion for judgment on the pleadings. *See SunTrust Mortg., Inc. v. Simmons First Nat'l Bank*, 861 F. Supp. 2d 733, 735 (E.D. Va. 2012) (citing *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). Even so, it appears Whistle Express's own documentation supports Dones's allegation that Whistle Express was "privy" to his anxiety and depression. As such, I find Dones plausibly alleges Whistle Express had notice of his disabilities.

Dones also satisfies element four in that he sufficiently alleges that Whistle Express refused to provide his requested accommodations. Although Dones claims he "gave" Whistle Express his "reasonable accommodations" of stepping down from management and not working weekends, he also asserts Whistle Express "terminated [him] on the spot" which, when accepting such allegation as true, this court can reasonably infer that Whistle Express both refused to provide Dones with reasonable accommodations and failed to engage in the interactive process. *See Haneke v. Mid-Atlantic Capital Management*, 131 Fed. App'x 399, 400 (4th Cir. 2005) (noting the implicit requirement in the fourth element of a failure to accommodate claim is that the employee and employer engage in an interactive process to identify a reasonable accommodation). As such, Dones sufficiently pleads that Whistle Express refused to provide Dones with reasonable accommodations.

Although Dones just barely asserts a claim for failure to accommodate, I find it is sufficient to survive Whistle Express's motion.

---

employer to be on notice of an employee's medical condition for purposes of receiving a reasonable accommodation under the ADA.

## IV.    Conclusion

Accordingly, it is recommended that Whistle Express's Motion for Judgment on the Pleadings, (ECF No. 27), be **DENIED**. The Clerk is directed to mail a copy of this Report and Recommendation to Dones.

### NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection, including the waiver of the right to appeal. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the presiding District Judge.

Entered: March 24, 2026

C. Kailani Memmer
United States Magistrate Judge

14