IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

August 03, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Hannah Warren
DEPUTY CLERK

JOSIAH C. DONES,                                )
                                                )
                    Plaintiff,                  )
                                                )
v.                                              )    Civil Action No. 7:24-cv-00795
                                                )
EXPRESS WASH OPERATIONS, LLC,                   )    By:    Elizabeth K. Dillon
   d/b/a WHISTLE EXPRESS CAR WASH,              )           Chief United States District Judge
                                                )
                    Defendant.                  )

**MEMORANDUM OPINION AND ORDER**

Express Wash Operations, LLC, d/b/a Whistle Express Car Wash, objects (Dkt. No. 35) to U.S. Magistrate Judge C. Kailani Memmer's report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (R&R, Dkt. No. 34) that its motion for judgment on the pleadings (Dkt. No. 27) be denied. Josiah C. Dones, proceeding pro se, opposes Whistle Express's objection. (Dkt. No. 36.) In this failure-to-accommodate and disability-discrimination case under the Americans with Disabilities Act (ADA), the R&R properly concludes that Dones adequately pled his ability to perform the essential functions of his position with reasonable accommodation, so the court will overrule the objection, adopt the R&R, and deny the motion.

In his amended complaint, Dones alleged that he suffers from major depression and anxiety but could work any day at Whistle Express without accommodation as long as he took medication, about which Whistle Express knew. (Dkt. No. 23 ¶¶ 7–9.) Within four months of being hired, he was promoted and given a key to the store. (*Id.*) But he lost his health insurance, stopped taking medication, and told his boss so. (*Id.* at ¶ 10.) "Upon giving my bosses my reasonable accommodation to step down from management and have weekends off they terminated me on the spot." (*Id.* at ¶ 11.) One boss later stated in a criminal complaint that

Dones "[s]tarted to show emotional distress and mania at work so me and my assistant went on to terminate him."  (*Id.* at ¶ 12.)

Whistle Express moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), broadly attacking Dones's ADA claims on a number of grounds (Dkt. No. 27), but the R&R found that Dones should be allowed to proceed with his claims of failure to accommodate and disability discrimination (Dkt. No. 34).  Now, Whistle Express objects on the ground that the R&R wrongly held that Dones did not need to allege the essential functions of his current or desired role, but merely that he could perform these functions, to adequately plead that he was a "qualified individual" under the ADA.  (*Id.* at 8–9.)

The court must review de novo any portion of a magistrate judge's recommended disposition of a case to which a party has properly objected.  Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1)(C).  The court reviews any portion of the report to which no party has objected—or to which a party has noted only a general objection—for "clear error on the face of the record."  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's notes); *see also Brown v. Comm'r of Soc. Sec.*, 969 F. Supp. 2d 433, 437 (W.D. Va. 2013) (noting that portions of an R&R to which no objections are made "will be upheld unless they are clearly erroneous or contrary to law").

There is a question of whether Whistle Express has properly objected to the R&R because it never argued in its briefing before the magistrate judge that Dones had failed to set forth the essential functions of either the key holder position or the associate position he held prior to his key holder promotion.  It did not cite the cases that it now argues should control the outcome of its motion.  Instead, Whistle Express mostly relied on its exhibits to argue disputed material facts on its motion for judgment on the pleadings.  Generally, "[a] magistrate's decision

2

should not be disturbed on the basis of arguments not presented to [her]." *Keitt v. Ormond*, 2008 WL 4964770, at *1 (S.D.W. Va. Nov. 13, 2008 (quoting *Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991)).  Nonetheless, the court has discretion to address such arguments, *Dune v. G4s Regulated Sec. Sols., Inc.*, 2015 WL 799523, at *2 (D.S.C. Feb. 25, 2015), and will do so because the R&R addresses the issue.

To state a claim for failure to accommodate or disability discrimination under the ADA, a plaintiff must plausibly allege that he was a "qualified individual." *Kelly v. Town of Abingdon, Virginia*, 90 F.4th 158, 169 (4th Cir. 2024); *Wilson v. Dollar General Corp.*, 717 F.3d 337, 345 (4th Cir. 2013); *Dimaano v. Virginia Ctr. for Behav. Rehab.*, No. 3:23-cv-00312, 2024 WL 3823795, at *13 (E.D. Va. Aug. 13, 2024).  A "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  42 U.S.C. § 12111(8).  "Essential functions" are "the fundamental job duties of the employment position."  29 C.F.R. § 1630.2(n)(1).

Before Judge Memmer, while Whistle Express did not argue that Dones failed to allege the essential functions of his old and/or new position, it did argue that Dones failed to allege that he could perform the essential functions of the new position with or without his requested accommodation of stepping down from management and taking weekends off.  (Dkt. No. 28 at 7–8.)  However, it made no mention of any failure to allege that he could perform the functions of the position he requested: his old position.

The R&R acknowledged that whether Dones was required to state the essential functions of either position was a "trick[y]" question, but it reasoned,

> There is a split of authority within the Fourth Circuit as to
> whether a plaintiff must allege the essential functions of his current
> or desired role to plausibly allege he is a "qualified individual"
> under the ADA.  *See Dimaano v. Virginia Ctr. for Behav. Rehab.*,

3

No. 3:23-CV-312, 2024 WL 3823795, at *9 (E.D. Va. Aug. 13, 2024) (noting plaintiffs do not have to allege their essential job functions to successfully allege they are a qualified individual under the ADA); *Webb v. Chesterfield Cnty., Va.*, No. 3:19-CV-000183 (JAG), 2019 WL 2992011, at *2 (E.D. Va. July 8, 2019) (same); *Equal Emp. Opportunity Comm'n v. Advanced Home Care, Inc.*, 305 F. Supp. 3d 672, 676 (M.D.N.C. 2018) (same); *but see Wood v. Bristol Virginia Util. Auth.*, 661 F. Supp. 3d 538, 549 (W.D. Va. 2023) (dismissing ADA claim where plaintiff failed to describe essential functions of his job); *Ramirez-Rodriguez v. Wal-Mart Stores East, L.P.*, No. 5:12-CV-585-BO, 2014 WL 1365670, at *2 (E.D.N.C. Apr. 4, 2014) (finding plaintiff failed to provide the court with sufficient factual allegations to support that he could perform the essential functions of his position when, in part, he failed to provide a description of his job duties); *Munoz v. Baltimore Cnty., Md.*, No. CIV.A. RDB-11-02693, 2012 WL 3038602, at *8 (D. Md. July 25, 2012) (dismissing ADA claim where the plaintiff failed to allege the essential functions of the position).

In cases where the plaintiff was not required to allege the essential job functions, the courts focused on whether the plaintiff alleged he or she could perform the essential functions. *Dimaano*, 2024 WL 3823795, at *11; *Webb*, 2019 WL 2992011, at *2. For example, in *Webb*, the court found the plaintiff plausibly alleged he was a "qualified individual" under the ADA where he alleged facts to show he worked in his role without incident while experiencing a lack of accommodation for his disability. *Webb*, 2019 WL 2992011, at *2. I find the decisions in *Dimaano*, *Webb*, and *Advanced* to be persuasive. Like the plaintiff in *Webb*, Dones alleges he was able to work as an associate and then as a key holder without accommodation when he was suffering from major depression and anxiety. (Am. Compl. ¶¶ 8–9.) Accordingly, I find Dones plausibly alleges he is a "qualified individual" with a disability under the ADA.

(Dkt. No. 34 at 7–9.)

Whistle Express now objects that the R&R chose the wrong line of cases to follow. (Dkt. No. 35.) It dwells on Dones's failure to describe his job's essential functions or how re-assignment and weekends off would allow him to perform them. And it urges that his past performance, while taking medication, cannot establish his ability at the time of the alleged accommodation refusal, when he was off medication. (*Id.* at 9 (citing *Pappas v. D.C.*, 513 F.

4

Supp. 3d 64, 94 (D.D.C. 2021), *aff'd*, No. 17-cv-07139, 2018 WL 3156846 (D.C. Cir. May 24, 2018)).)

The court agrees with the R&R that, liberally understood and drawing all reasonable inferences in his favor, Dones plausibly alleges that he could perform the essential functions of at least the associate position at the time when he was refused re-assignment and weekends off. Dones was successful in his past performance as an associate in the eyes of Whistle Express, given his promotion, and he believed that he could return to the role with an accommodation. These particular allegations give rise to a reasonable inference that, without medication but with re-assignment and weekends off, he could indeed perform the essential functions of an associate. This is enough to plausibly allege that Dones was a qualified individual. *See Keith v. Volvo Grp. N. Am., LLC*, No. 7:20-cv-00521, 2023 WL 234780, at *7 (W.D. Va. Jan. 18, 2023), *aff'd*, No. 23-1178, 2024 WL 1193096 (4th Cir. Mar. 20, 2024). The precise contours of the associate position, its essential functions, and Dones's ability to perform them may be proper factual inquiries at trial, but the court cannot settle them at the pleading stage of this case.

The court stresses the importance of Dones's allegation that he requested re-assignment, after running out of medication, to a role whose functions he had already performed successfully. This combination of circumstances—Dones's personal familiarity with and prior success in the position and his representation, after running out of medication and contemporaneous with his request to be re-assigned to the position, that he could perform its functions again with an accommodation—supplies the particularity, at this stage, to make plausible his allegation of being a qualified individual who could perform these essential functions. In another case, more description of the essential functions might be required. But the particular circumstances here suffice to allege that Dones could "perform the essential functions" of the associate position, at

least, without detailing these functions further. 42 U.S.C. § 12111(8). This was the approach of the cases that the R&R found persuasive. *Dimaano*, 2024 WL 3823795, at \*11; *Webb*, 2019 WL 2992011, at \*2; *Advanced Home Care*, 305 F. Supp. 3d at 675–76. And this factual particularity distinguishes the cases cited by Whistle Express. *Wood*, 661 F. Supp. 3d at 549 (no "description of prior evaluations or commendations"); *Ramirez-Rodriguez*, 2014 WL 1365670, at \*2 (no "factual basis to support that he could in fact perform the essential functions"); *Chisholm v. Mountaire Farms of N.C. Corp.*, 629 F. Supp. 3d 368, 375 (M.D.N.C. 2022) (no "facts demonstrating that he could perform the essential functions"); *Rubino v. New Acton Mobile Indus., LLC*, 44 F. Supp. 3d 616, 622–23 (D. Md. 2014) ("threadbare recital of an element of a cause of action"). Under the pleading standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009), Dones adequately alleges that he was a "qualified individual" within the meaning of the ADA.

Thus, the R&R decided this point correctly, Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C), and no clear error appears elsewhere on the face of the record, *Diamond*, 416 F.3d at 315.

For the foregoing reasons, it is hereby ORDERED that the objection (Dkt. No. 35) is OVERRULED, the R&R (Dkt. No. 34) is ADOPTED in full, and the motion for judgment on the pleadings (Dkt. No. 27) is DENIED.

The Clerk is directed to send a copy of this memorandum opinion and order to Dones and to counsel of record.

Entered: August 3, 2026.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge

6